UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID REESE,

                            Petitioner,

v.                                                    9:21-CV-1353
                                                          (MAD/ML)

SUPERINTENDENT,

                            Respondent.

---

APPEARANCES:                                               OF COUNSEL:

DAVID REESE
  *Pro se* Petitioner
Green Haven Correctional Facility
Post Office Box 4000
Stormville, New York 12582

LETITIA A. JAMES                               HANNAH S. LONG, ESQ.
New York State Attorney General             Assistant Attorney General
  Counsel for Respondent
28 Liberty Street
New York, New York 10005

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION

**I.    INTRODUCTION**

       Petitioner David Reese ("Petitioner") seeks federal habeas relief pursuant to 28 U.S.C. §

2254. (Dkt. No. 1.)[1] The Court directed Respondent Superintendent ("Respondent") to answer

---

[1]     For the sake of clarity, citations to parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

the Petition; however, Respondent successfully requested permission to file a motion to dismiss the action as untimely instead. (Dkt. No. 4 [Decision and Order directing response]; Dkt. No. 7 [Resp.'s Letter Motion seeking to file a motion in lieu of an answer]; Dkt. No. 8 [Text Order granting motion]; Dkt. No. 9 [Motion to Dismiss].)

Petitioner was provided an opportunity to respond to the motion. (Dkt. No. 8.) Petitioner did not file a response. (*See generally* docket sheet.)

For the reasons which follow, it is recommended that Respondent's motion to dismiss be granted. Furthermore, the Petition should be denied and dismissed in its entirety.

## II.     THE PETITION

Petitioner challenges a 2015 judgment of conviction in Ulster County, pursuant to a jury verdict, of second-degree murder. (Dkt. No. 1 at 1-2); *see also People v. Reese*, 166 A.D.3d 1057, 1057 (N.Y. App. Div. 3rd Dep't 2018). The New York State Appellate Division, Third Department affirmed the judgment of conviction and, on March 12, 2019, the New York State Court of Appeals denied leave to appeal. (Dkt. No. 1 at 1-2); *Reese*, 166 A.D.3d at 1062-63, *lv. denied*, 33 N.Y.3d 953 (N.Y. 2019). Petitioner did not file a petition for a writ of certiorari but did file a motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law § 440.10 ("440 Motion") on March 17, 2020. (Dkt. No. 1 at 3, 9; Dkt. No. 9, Attach. 2 at 44-52.) The Ulster County Court denied the 440 Motion on January 28, 2021. (Dkt. No. 1 at 4; Dkt. No. 9, Attach. 2 at 55-68.) The Third Department then denied Petitioner's application for leave to appeal on July 6, 2021. (Dkt. No. 9, Attach. 2 at 72.)

Petitioner argues that he is entitled to federal habeas relief because (1) the conviction was supported by legally insufficient evidence (Dkt. No. 1 at 5-7); (2) the trial court erred in "failing to charge the [d]efense of [j]ustification," (*id*. at 7-8); (3) the sentence was harsh and excessive

(*id*. at 8-9).[2]  The Petition was signed on November 29, 2021, and placed into the facility mailing system on December 13, 2021.  (Dkt. No. 1 at 15.)

### III. DISCUSSION

#### A. Standard of Review

Respondent moves to dismiss the petition, pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that it fails to state a claim upon which habeas corpus relief may be granted.  (Dkt. No. 9.)  Specifically, Respondent contends that the Petition is untimely and neither statutory tolling nor any equitable considerations excuse the time-bar.  (Dkt. No. 9 at 3-9.)

"Motions to dismiss habeas petitions on procedural grounds pursuant to Rule 12(b)(6) are not inconsistent with the Habeas Rules, given the wide discretion afforded district judges in the disposition of habeas petitions."  *Williams v. Breslin*, 274 F. Supp. 2d 421, 424-25 (S.D.N.Y. 2003).  Dismissal of an action "is proper only where it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief."  *Breslin*, 274 F. Supp. 2d at 425 (citing cases).  "[T]he Court must accept all well-pleaded factual allegations in the Petition as true and draw[] all reasonable inferences in favor of the petitioner . . . [and b]ecause [petitioner] is proceeding pro se, his petition must be read liberally and should be interpreted to raise the strongest arguments it suggests."  *Id.* (internal quotation marks and citations omitted).

---

[2]  These are the same three claims that Petitioner advanced during the direct appeal of his state criminal conviction.  *See Reese*, 166 A.D.3d at 1057-1063.

B.  **Timeliness**

1.  **One Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[3]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

In this case, as Petitioner indicates in his Petition, his conviction was affirmed by the Court of Appeals on March 12, 2019. (Dkt. No. 1 at 2-3); *Reese*, 33 N.Y.3d 953. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on June 10, 2019, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that

---

[3]  Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

date, or until June 10, 2020, to file a timely federal habeas petition. The present Petition was placed in the prison mailing system on December 13, 2021.

### 2. Statutory Tolling

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Here, the limitations period ran for 281 days, from June 10, 2019 (when Petitioner's conviction became final), through March 17, 2020 (when Petitioner filed the 440 Motion). (Dkt. No. 9, Attach. 2 at 44-45.) The filing of the 440 Motion tolled the limitations period. After the County Court denied the 440 Motion, Petitioner moved for leave to appeal. (Dkt. No. 9, Attach. 2 at 69-70.) On July 6, 2021, the Appellate Division denied leave. (Dkt. No. 9, Attach. 2 at 72.) For purposes of § 2244(d)(2), the 440 Motion ceased to be pending on July 6, 2021, when the Appellate Division denied leave to appeal. Consequentially, Petitioner had eighty-four (84) days left to timely file his federal habeas case. Accordingly, to be timely filed, Petitioner's habeas action would have had to be commenced on or before September 28, 2021. However, Petitioner

failed to file the instant action until December 13, 2021. (Dkt. No. 1 at 15.) As a result, the Petition was filed seventy-six (76) days after the statute of limitations expired.[4]

### 3. Equitable Tolling

AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing, *inter alia*, *Smith* 208 F.3d at 17). The Second Circuit has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). A petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Dillon*, 642 F.3d at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).

To make the requisite showing, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing[.]" *Rodriguez v. Smith*, 14-CV-1274, 2015 WL 5968837, at *6 (N.D.N.Y. Oct. 13, 2015) (Sannes, J.) (quoting *Hizbullahankhamon v. Walker,* 255 F.3d 65, 75 (2d Cir. 2001)). Further, a petitioner must establish that he "acted with reasonable diligence throughout the period he seeks to toll." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). "The link of causation is broken if the person seeking equitable tolling has not exercised reasonable diligence." *Rodriguez,* 2015 WL 5968837, at *6 (citing *Barrett v. United States*, 961 F. Supp. 2d 403, 408 (D. Conn. 2013)); *see also Hizbullahankhamon,* 255 F.3d at 75 (noting that a causal

---

[4]  Even if the undersigned were to consider the date that Plaintiff signed the Petition (November 29, 2021) as the filing date, it was still filed sixty-two (62) days after the statute of limitations expired.

relationship cannot be demonstrated "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances").

Petitioner fails to make any such argument that he is entitled to equitable tolling.

Even if Petitioner were to attempt to proffer that equitable tolling did apply, he fails to allege any facts that would warrant extraordinary circumstances or a causal relationship. Petitioner does not allege that any circumstances prevented him from seeking timely relief in this Court.

### 4.    No Equitable Exception Saves the Petition.

Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). It is important to stress that "[o]nce guilt is . . . established . . . a federal habeas court will not relitigate the question of guilt for a state defendant who protests his actual innocence . . . [r]ather, a federal habeas court will review state convictions for constitutional error." *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019).

Here, Petitioner fails to raise, let alone present, any claim of actual innocence. One of Petitioner's claims is that his conviction was not supported by legally sufficient evidence. (Dkt. No. 1 at 5-7.) Specifically, Petitioner argues that his conviction should be reversed and vacated because the proof at trial failed to establish that he intended to cause the death of the victim and the jury's rejection of the affirmative defenses of extreme emotional disturbance and not guilty by reason of mental disease or defect was against the weight of the evidence. (*Id*.); *Reese*, 166 A.D.3d at 1058-1062.

"To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Rivas v. Fischer*, 687 F.3d 514, 518 (2d Cir. 2012); *Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003). "The standard's demand for evidence *of innocence* references factual innocence, not mere legal insufficiency." *Hyman*, 927 F.3d at 657 (internal quotation marks and citations omitted); *see also Bousley v. United States*, 523 U.S. 614, 623-24 (1998) ("'[A]ctual innocence means factual innocence, not mere legal insufficiency.") (citations omitted).

In this case, Petitioner has failed to provide any new, reliable evidence that he is actually innocent of the crime for which he was convicted. Instead, petitioner relies on legal insufficiency which cannot be utilized to invoke this equitable exception and save the instant action from the time bar.

In sum, the Petition is untimely and there are no appropriate tolling or equitable considerations available to excuse the late filing.

**ACCORDINGLY**, it is

**RECOMMENDED** that Respondent's motion to dismiss (Dkt. No. 9) be **GRANTED**; and it is further

**RECOMMENDED** that the Petition (Dkt. No. 1) be **DENIED and DISMISSED** in its entirety, and it is further

**RECOMMENDED** that no Certificate of Appealability ("COA") shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[5] and it is further

---

5  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1)

**RECOMMENDED** that any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk of the Court respectfully provide Petitioner with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Report-Recommendation and Order upon the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).


Dated: December  18, 2023
        Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

2015 WL 5968837
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Carlos RODRIGUEZ, Petitioner,
v.
Joseph T. SMITH, Superintendent, Respondent.

No. 9:14–CV–1274 (BKS/ATB).
|
Signed Oct. 13, 2015.

**Attorneys and Law Firms**

Carlos Rodriquez, Wallkill, NY, pro se.

Hon. Eric T. Schneiderman, New York State Attorney General, Priscilla I. Steward, Esq., Assistant Attorney General, New York, NY, for Respondent.

### MEMORANDUM–DECISION AND ORDER

Hon. BRENDA K. SANNES, District Judge.

### INTRODUCTION

**\*1** Petitioner Carlos Rodriguez, a New York State inmate, commenced this proceeding pursuant to 28 U.S.C. § 2254, arguing that the New York State Department of Corrections and Community Supervision improperly calculated his sentences to run consecutively for a 1988 judgment of conviction in New York County Supreme Court and a 1999 judgment of conviction in Westchester County Court. (Dkt. No. 1). Respondent filed an opposition to the petition on January 20, 2015 (Dkt. No. 6), and Petitioner submitted a Traverse response on February 11, 2015. (Dkt. No. 10). This matter was referred to United States Magistrate Judge Andrew T. Baxter, who, on August 18, 2015, issued a Report–Recommendation, recommending that the petition be denied and dismissed. (Dkt. No. 11). Magistrate Judge Baxter's recommendation is based on his conclusions that: 1) the petition is time-barred by the statute of limitations; and 2) Petitioner's claims concern an interpretation of state law and are not cognizable on federal habeas review. (*Id.,* pp. 11–12).

### DISCUSSION

Petitioner filed objections to the Report–Recommendation on September 11, 2015. (Dkt. No. 14). Petitioner objects to both conclusions reached by Magistrate Judge Baxter. (*Id.*). This Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). Under *de novo* review, the Court must "examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte v. N.Y. State Div. of Parole,* No. 04 Civ. 484, 2006 WL 149049, at \*5, 2006 U.S. Dist. LEXIS 2926, at \*15 (N.D.N.Y Jan. 18, 2006) (citing *United States v. Raddatz,* 447 U.S. 667, 675, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)).

Upon *de novo* review, the Court accepts and adopts the Report–Recommendation in its entirety. Magistrate Judge Baxter accurately recounted the facts and procedural history of this case and employed the proper legal standards in analyzing Petitioner's claims. The record shows that Petitioner did not file his federal habeas petition prior to the expiration of the one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions under 28 U.S.C. § 2244(d)(1). Moreover, Petitioner has failed to show sufficient grounds for tolling the statute of limitations. Further, as Magistrate Judge Baxter noted, Petitioner has failed to allege any basis for federal habeas relief since there is no "constitutionally cognizable right to concurrent, rather than consecutive, sentences." *United States v. McLean,* 287 F.3d 127, 136 (2d Cir.2002) (quoting *United States v. White,* 240 F.3d 127, 135 (2d Cir.2001)). "Thus, federal habeas courts have squarely held that claims regarding the imposition of consecutive sentences are purely a matter of state law and are not cognizable on habeas review." *Charles v. Fischer,* 516 F.Supp.2d 210, 224 (E.D.N.Y.2007) (citing cases) (internal quotation omitted). Therefore, even if Petitioner's claims were not time-barred, dismissal would still be warranted.

### CONCLUSION

**\*2** It is therefore

**ORDERED** that the Report–Recommendation (Dkt. No. 11) is **ADOPTED** in its entirety for the reasons stated therein; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that no certificate of appealability shall issue with respect to the claims set forth in the petition; and it is further

**ORDERED** that the Clerk shall close this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner in accordance with the local rules.

**IT IS SO ORDERED.**

### REPORT–RECOMMENDATION

[ANDREW T. BAXTER](), United States Magistrate Judge.

This matter has been referred to me for Report and Recommendation by the Honorable Brenda K. Sannes, United States District Judge, pursuant to [28 U.S.C. § 636(b)]() and N.D.N.Y. Local Rule 72.3(c).

Petitioner, incarcerated at Shawangunk Correctional Facility, filed the instant habeas corpus petition, pursuant to [28 U.S.C. § 2254](), on October 20, 2014. (Dkt. No. 1). Petitioner argues that the New York State Department of Corrections and Community Supervision ("DOCCS") has improperly calculated his sentences for two separate state convictions that run consecutively. (Pet. at 1–2; Pet. Mem. of Law at 2–4 (Dkt. No. 1–1)).

Respondent has filed an answer and memorandum of law, together with the applicable state court record. (Dkt. No. 6, 7). Respondent argues for denial of the petition, claiming that the petition is untimely, and in the alternative, that petitioner's claim is meritless. For the following reasons, this court will recommend dismissal.

### DISCUSSION

### I. *Relevant Facts and Procedural History*

**A. State Court Convictions**
Petitioner's incarceration arises from two judgments of conviction. On March 11, 1988, petitioner was convicted in New York County Supreme Court for Manslaughter in the First Degree, Robbery in the First Degree, and Criminal Possession of a Controlled Substance in the Third Degree. (SR 16–18). The petitioner was sentenced to indeterminate prison terms of 8 1/3 to 25 years for the manslaughter conviction, 12½ to 25 years for the robbery conviction, and 5 to 15 years for the drug possession conviction. (*Id.*). The court ordered that the manslaughter and robbery sentences would run concurrently, but that the drug sentence would run consecutive. Based on the governing provisions of the New York Penal Law, petitioner's aggregate prison term for these convictions was reduced to a term of 15 to 30 years. (SR 44).

On March 23, 1999, petitioner was convicted in Westchester County Court for Murder in the Second Degree after stabbing an inmate to death during an altercation at Sing Sing Correctional Facility. (SR 14). The court sentenced petitioner to an indeterminate prison term of 25 years to life, to run consecutively with his 1988 sentence. (*Id.*). On October 10, 2006, the Appellate Division, Second Department modified this judgment by reducing petitioner's conviction to manslaughter in the second degree. *[People v. Rodriguez,]() 33 A.D.3d 730, 732, 826 N.Y.S.2d 271, 271 (2d Dep't 2006)*. On February 13, 2007, the Westchester County Court resentenced petitioner to an indeterminate prison term of 7½ to 15 years, to run "consecutively to the sentence defendant is presently serving." (SR 22).

**B. Sentence Calculation and Administrative Appeal**
*\*3* On or about December 5, 2008, DOCCS provided petitioner with a computation of his aggregate prison term. (SR 26). DOCCS calculated petitioner's Parole Eligibility Date as July 4, 2009, his earliest Conditional Release Date as January 4, 2017, and his Maximum Sentence Expiration Date as January 4, 2032. (*Id.*). DOCCS based its calculation on petitioner's sentence for his 1999 conviction, as modified in 2007, running consecutively to the sentences for his 1988 convictions.

On October 31, 2012, petitioner filed a grievance complaint at the Shawangunk Facility challenging the calculation of his sentences. (SR 28). Petitioner argued that New York Penal Law required that the sentence for his 1999 manslaughter

conviction commence and expire during the 15 to 30 year term of his original 1988 sentence. (*Id.*). The facility denied the grievance on December 5, 2012, and advised that petitioner's sentence had been calculated by DOCCS Central Office, and that any inquiry must be directed to their attention. (SR 30).

While the Shawangunk grievance was still pending, petitioner requested that the DOCCS Office of Sentencing and Review adjust his sentence to correct the perceived error. (SR 32). In his November 16, 2012 letter request, petitioner set out his interpretation of the applicable Penal Law provisions [1], and concluded that while the Westchester County Court had announced that his manslaughter sentence was to run consecutively to the original sentence for the 1988 convictions, such sentences actually ran "parallel." (SR 33). According to petitioner's calculation, this manslaughter sentence commenced on March 23, 1999, the date of his conviction, and thus would expire no later than March 2014. Therefore, petitioner concluded that he should be released no later than January 4, 2017, when the maximum thirty year term for his 1988 convictions was set to expire. (SR 33).

In a letter dated January 17, 2013, Richard de Simone, Associate Counsel in Charge of Sentencing Review for DOCCS, responded to petitioner's recalculation request. (SR 115). Mr. de Simone advised petitioner that his release dates had been calculated correctly in accordance with the applicable provisions of the Penal Law.

### C. State Habeas Proceeding and Appeals

On January 29, 2013, petitioner sought habeas corpus relief under New York State law in Ulster County Supreme Court. (SR 1–33). He raised the same claims as his administrative grievances, arguing that the sentence for his 1997 manslaughter conviction ran "parallel" to the fifteen to thirty year sentence that he was already serving, despite the language in the sentencing order that the sentences were to run consecutively. (SR 7–10). Petitioner contended that this miscalculation violated both state law and his constitutional due process rights. (*Id.*). Respondent opposed the state court petition, arguing that petitioner was procedurally barred from bringing a habeas petition, and that his claims were meritless. (SR 35–58).

**\*4** On March 9, 2013, Justice James Gilpatric dismissed the petition and concluded that petitioner's sentence was calculated correctly. (SR 59–62). Applying the New York Penal Law, Justice Gilpatric concluded that DOCCS was required to add the minimum period of the 2007 re-sentence to the aggregate minimum period of the 1988 sentences, and the maximum term of the 2007 re-sentence to the aggregate maximum term of the 1988 sentences. To do otherwise would contradict state law and the sentencing court's order that the 1997 sentence be served consecutively. (SR 61–62). In addition, Justice Gilpatric concluded that state habeas relief was not available, because petitioner would not have been eligible for immediate release if the petition were granted. (SR 62).

Petitioner appealed this dismissal to the Appellate Division, Third Department, again arguing that his sentences must be served parallel to each other. (SR 63–84). On February 6, 2014, the Appellate Division affirmed the judgment of the Ulster County Supreme Court without opinion. (SR 142–44). On May 8, 2014, the New York Court of Appeals denied petitioner's motion for leave to appeal. (SR 169–71). A subsequent petition for writ of certiorari to the United States Supreme Court was denied on October 6, 2014. (SR 202).

### D. The Federal Habeas Petition

In his pro se habeas petition filed October 20, 2014, petitioner argues that: (1) his multiple sentences cannot run consecutively; and (2) his sentences commence on different dates, and thus cannot be concurrent or consecutive, but must run parallel to each other. (Pet. at 1–6). Respondent argues that in addition to raising meritless claims, this petition is untimely, and raises a state law question that is not cognizable in a federal habeas proceeding.

Petitioner filed a traverse on February 11, 2015. Petitioner contends that he did not discover the alleged error in his sentence calculation until 2012, and then promptly commenced administrative and state habeas actions. (Dkt. No. 10, Traverse at 1–2). Petitioner further argues that the miscalculation of his prison sentences, along with the consistent misinterpretation of state penal law by the New York courts, raise substantive constitutional concerns which may be redressed in a federal habeas corpus petition. (*Id.* at 5–14). For the reasons set forth below, this court concludes that petitioner's claims are barred by the applicable one year statute of limitations and only raise state law issues not cognizable in a federal habeas corpus proceeding.

## II. *Statute of Limitations*

**A. Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1)(A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal.[2] *Williams v. Artuz,* 237 F.3d 147, 150–51 (2d Cir.2001).

**\*5** Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized *and* made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (C), and (D). In *Duncan v. Walker,* 533 U.S. 167, 179, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), the Supreme Court stated that this statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."

The AEDPA provides that the one year limitations period will be tolled while a "properly filed" state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). The tolling provision only applies if the post-conviction motion was "properly filed" and if it was pending within the one-year limitations period. *Smith v. McGinnis,* 208 F.2d 13, 16 (2d Cir.2000). Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz,* 199 F.3d 116, 120–21 (2d Cir.1999), *aff'd,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "extraordinary circumstances," the court may equitably toll the limitations period. *Holland v. Florida,* 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (internal quotation marks omitted). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See Rivas v. Fischer,* 687 F.3d 514, 548 (2d Cir.2012).

**B. Application**

Petitioner raises two overlapping arguments regarding his sentence calculation. Petitioner first argues, based on his interpretation of the New York Penal Law, that the Westchester County Supreme Court was precluded from ordering the sentence for his 1997 manslaughter conviction to run consecutive to his 1988 sentence for manslaughter, robbery, and drug possession. (Pet. at 2, 5–6). Petitioner's second and related argument is that DOCCS miscalculated his aggregate sentence by setting his 1997 sentence to run after the completion of his 1988 sentence. (Pet. at 6).

Given the nature of petitioner's sentencing claim, the one year statute of limitations begins to run from the date on which petitioner could have discovered the factual predicate for his claim through the exercise of due diligence. *See Roache v. Connell,* No. 9:09–CV–1302 (FJS), 2012 WL 589670, at \*5 (N.D.N.Y.2012), After his 1997 second degree murder conviction was modified to manslaughter, petitioner was resentenced on March 9, 2007. (SR 22). The court's sentencing order provided that the 7½ to 15 year sentence would run "consecutively to the sentence defendant is presently serving." (*Id.*). Petitioner also received written notice of his sentence calculation from DOCCS on or about December 5, 2008, in a report that showed his conditional release date as January 4, 2017 and the maximum expiration date for his aggregate sentence as January 4, 2032. (SR 26).

**\*6** Even if Petitioner did not realize the implications of the March 9, 2007 sentencing order, he was aware of the DOCCS calculation of his sentence as early as December 2008. Therefore, Petitioner was on notice of the factual predicate of his claim since at least 2008, and the claims were discoverable

through the exercise of due diligence at least five years before he filed his petition. *Roache,* 2012 WL 589670, at *5 (petition was time barred when DOCCS had provided time computation reflecting maximum sentence expiration date); *see also Palmer v. Phillips,* No. 05–CIV–9894 (KMW), 2007 WL 60419, at *3 (S.D.N.Y.2007) (finding that petitioner was on notice of the factual predicate for his claim that he should have received credit for time served when DOCCS informed him of its jail-time computation). Petitioner concedes that he did not take any action in connection with his sentence until he filed an administrative grievance on November 16, 2012, and that he did not file his federal habeas petition until October 20, 2014. (Traverse at 2).

Accordingly, petitioner did not file his federal habeas petition prior to expiration of the one year statute of limitations. This court will still review all bases by which petitioner could be afforded extra time to file a federal habeas petition.

### 1. Statutory Tolling

Petitioner argues that he exhausted his state remedies prior to seeking federal habeas relief. (Traverse at 1). However, the mere filing of state proceedings is not enough. Petitioner is not entitled to a period of statutory tolling because he did not file any state court challenges to his conviction before the federal statute of limitations expired. Petitioner's state habeas proceeding in January 2013 did not re-start the statute of limitations because that pleading was filed more than four years after the statute expired. *Bennett v. Artuz,* 199 F.3d at 120–21. Thus, no statutory tolling is available.

### 2. Equitable Tolling

This court will also consider whether this case presents one of the "rare and exceptional circumstances" that would justify equitable tolling. In order to make this showing, petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Hizbullahankhamon v. Walker,* 255 F.3d 65, 75 (2d Cir.2001) (citation omitted). A petitioner must establish that he acted with "reasonable diligence throughout the period he seeks to toll." *Belot v. Burge,* 490 F.3d 201, 205 (2d Cir.2007); *Doe v. Menefee,* 391 F.3d 147, 159 (2d Cir.2004). The link of causation is broken if the person seeking equitable tolling has not exercised reasonable diligence. *Barrett v. United States,* 961 F.Supp.2d 403, 408 (D.Conn.2013) (citation omitted).

The statute "does not require the maximum feasible diligence, only 'due,' or reasonable, diligence." *LoCascio v. United States,* 395 F.3d 51, 55 (2d Cir.2005) (citing *Wims v. United States,* 225 F.3d 186, 190 n. 4 (2d Cir.2000). "[E]ven if it was possible for a petitioner to discover facts or evidence relevant to his defense, the petitioner need not actually discover those facts or evidence to exercise due diligence so long as the petitioner reasonably pursued discovering all relevant evidence concerning his defense." *Perez v. United States,* 502 F.Supp.2d 301, 305 (N.D.N.Y.2006) (emphasis added).

**\*7** A period of delay greater than one year normally does not demonstrate due diligence. *Morton v. Ercole,* No. 08–Civ–252, 2010 WL 890036 at *6 (S.D.N.Y.2010) (collecting cases). As noted above, petitioner has not submitted any evidence showing that he made any effort whatsoever to pursue or investigate his sentencing claims at any point between December 5, 2008 and November 16, 2012. His only excuse for the delay is "due to the merits not being comprehensible on its face in December 2008." (Traverse at 2). Thus, there is no reason to equitably toll the statute of limitations, and this petition should be dismissed as untimely. There is also an alternative basis for dismissal of this petition that the court will discuss below.

### III. *Sentencing*

#### A. Legal Standard

An excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law. *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992). In order to raise a constitutional claim, a petitioner must show that the trial court's sentencing decision amounted to an improper "arbitrary or capricious abuse of discretion" that deprived the petitioner of his liberty. *Herrera v. Artuz,* 171 F.Supp.2d 146, 151 (S.D.N.Y.2001).

#### B. Application

Petitioner claims that the imposition of consecutive sentences by Westchester County Court, and the implementation of that sentence by DOCCS violated both state law and his constitutional rights. However, there is no "constitutionally cognizable right to concurrent, rather than consecutive, sentences." *United States v. McLean,* 287 F.3d 127,

136 (2d Cir.2002) (quoting *United States v. White,* 240 F.3d 127, 135 (2d Cir.2001). The imposition of consecutive sentences violates the Eighth Amendment " 'only under extraordinary circumstances.' " *Herrera,* 171 F.Supp.2d at 151 (quoting *Salcedo v. Artuz,* 107 F.Supp.2d 405, 414 (S.D.N.Y.2000)).

Petitioner has not alleged that such extraordinary circumstances exist in this case, only a disagreement over the interpretation of state law. Such claims are not redressable in a federal habeas corpus proceeding.[3] *Roache,* 2012 WL 589670 at *6; *Johnson v. New York,* 851 F.Supp.2d 713, 722 (S.D.N.Y.2012); *Washington v. Goord,* 07–CIV–7150, 2009 WL 3805599, at *6 (S.D.N.Y.2009). Therefore, even if petitioner's claims were not time-barred, dismissal would still be warranted.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED,** that the petition be **DENIED and DISMISSED;** and it is further

**RECOMMENDED,** that a certificate of appealability be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. ***FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.*** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Secretary of HHS,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b) (1); Fed.R.Civ.P. 72.

**\*8** Filed Aug. 18, 2015.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 5968837

---

### Footnotes

1    Petitioner asserted that when he had been housed at the Clinton Correctional Facility, he had been provided a calculation that supported his interpretation, but that he no longer had this document in his possession. (SR 5).

2    The ninety-day time period is the time that a petitioner would have to seek direct review of his conviction in the United States Supreme Court and must be counted for purposes of the AEDPA statute of limitations. *Williams v. Artuz,* 237 F.3d at 150 51 (discussing the statutory requirement that the statute of limitations begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review") (citing 28 U.S.C, § 2244(d)(1)(A)).

3    Petitioner's state law claims were evaluated by New York State courts and found to be meritless. (SR 59–62, 142–44, 169–71).

---

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.