UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID REESE,

                              Petitioner,

vs.                                              9:21-CV-1353
                                                              (MAD/ML)

SUPERINTENDENT,

                              Respondent.

---

**APPEARANCES:**                                       **OF COUNSEL:**

**DAVID REESE**
**15-A-3528**
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Petitioner, *pro se*

**OFFICE OF THE NEW YORK**              **HANNAH S. LONG, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorney for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On December 20, 2021, Petitioner David Reese, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2015 state conviction for second-degree murder.  *See* Dkt. No. 1.  In his petition, Petitioner claimed that: (1) the jury's verdict was contrary to the weight of the evidence; (2) the trial court erred by failing to instruct

1

the jury on a justification defense; and (3) his sentence was harsh and excessive. *See id.* at 5-8. Respondent filed a motion to dismiss the petition as barred by the statute of limitations. *See* Dkt. No. 9. Petitioner did not respond to the motion.

In a Report and Recommendation dated December 18, 2023, Magistrate Judge Miroslav Lovric recommended that the Court (1) grant Respondent's motion to dismiss; (2) deny and dismiss the habeas petition; and (3) deny a certificate of appealability. *See* Dkt. No. 10. Specifically, Magistrate Judge Lovric concluded that Petitioner filed his petition beyond the applicable one-year statute of limitations and that no tolling provision saved the petition. *See id.* at 4-8.

## II. DISCUSSION

### A.   Standard of Review

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party declines to file objections to a magistrate judge's report and recommendation, the district court reviews the recommendations for clear error. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). Also, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also John L. M. v. Kijakazi*, No. 5:21-CV-368, 2022 WL 3500187, *1 (quoting *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013)) ("A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and

provides a basis for this assertion. Properly raised objections must be 'specific and clearly aimed at particular findings' in the report"); *Bowman v. Racette*, No. 12-CV-4153, 2015 WL 1787130, *2 (S.D.N.Y. Apr. 20, 2015), *aff'd*, 661 Fed. Appx. 56 (2d Cir. 2016) (reviewing objections for clear error where they were "couched in conclusory language and repeat [] earlier arguments"). After the appropriate review, "a judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Neither party has filed objections. Thus, the Court reviews Magistrate Judge Lovric's Report and Recommendation for clear error.

**B.    Statute of Limitations**

The Court has reviewed the Report and Recommendation for clear error and finds none. As Magistrate Judge Lovric correctly explained, there is a one-year statute of limitations applicable to habeas petition brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). This statute "runs from the latest of a number of triggering events, including 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Rivas v. Fischer*, 687 F.3d 514, 533 (2d Cir. 2012) (quoting 28 U.S.C. § 2244(d)(1)(A)). The latest event could also be "'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *Id.* at 533-34 (quoting 28 U.S.C. § 2244(d)(1)(D)); *see also* Dkt. No. 10 at 4 n.3.

However, under various circumstances, that one-year limitations period may be tolled. First, "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Second, "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560

3

U.S. 631, 645 (2010) (collecting cases). Third, "[c]ourts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) in cases where a petitioner can prove actual innocence." *May v. Corey*, No. 9:22-CV-0731, 2023 WL 5611638, *5 (N.D.N.Y. Aug. 14, 2023) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).

As Magistrate Judge Lovric explained, Petitioner's conviction became final on June 10, 2019—ninety days after the New York Court of Appeals affirmed his conviction. *See* Dkt. No. 10 at 5 (citations omitted); *see also Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir. 2005). Petitioner did file a post-conviction motion on March 17, 2020, which tolled the limitations period during the pendency of the motion. *See* Dkt. No. 9-2 at 44-52. The tolling period ended on July 6, 2021, when the Appellate Division denied leave to appeal. *See* Dkt. No. 10 at 5 (citing Dkt. No. 9-2 at 72). Based on this procedural history, Magistrate Judge Lovric correctly determined that Petitioner had until September 28, 2021, to file his habeas petition, which was not filed until December 13, 2021. *See* Dkt. No. 10 at 5-6 (citing Dkt. No. 1 at 15). As such, the Court finds no clear error in Magistrate Judge Lovric's conclusion that Petitioner filed his habeas petition seventy-six days late.

The Court also finds no clear error in the conclusions that Petitioner failed to show that the limitations period is subject to equitable tolling. *See* Dkt. No. 10 at 6-8. First, Petitioner did not make an actual innocence claim in his petition. *See* Dkt. No. 1. Second, he did not raise any ground for equitable tolling in his petition, nor did he respond to Respondent's motion to dismiss and raise such a claim. Thus, Magistrate Judge Lovric was correct in determining that Petitioner failed to demonstrate the extraordinary circumstances or actual innocence that would warrant tolling the statute of limitations. *See Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (quotations and quotation marks omitted) ("[E]quitable tolling applies only in . . . rare and

exceptional circumstance[s], and [] a habeas petitioner seeking equitable tolling must show that extraordinary circumstances prevented him from filing his petition on time"); *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (quotations and additional quotation marks omitted) ("Once guilt is so established, however, a federal habeas court will not relitigate the question of guilt for a state defendant who protests his actual innocence. . . . [A] narrow class of 'truly extraordinary' cases consists of those presenting credible and compelling claims of actual innocence").

**C.     Certificate of Appealability**

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. § 2253(c)(1).  "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' . . . a certificate of appealability should issue only when the prisoner shows" that (1) "'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Petitioner has failed to make such a showing with regard to any of his claims, and the Court declines to issue a Certificate of Appealability in this matter.

### III. CONCLUSION

After carefully reviewing the Report and Recommendation, the entire record in this matter, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report and Recommendation (Dkt. No. 10) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

    **ORDERS** that Respondent's motion to dismiss (Dkt. No. 9) is **GRANTED**; and the Court further

    **ORDERS** that the petition for writ of habeas corpus (Dkt. No. 1) is **DENIED** and **DISMISSED**; and the Court further

    **ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

    **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: February 12, 2024
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge